UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANITA KHO,

                              Plaintiff,

               - against -

THE NEW YORK AND PRESBYTERIAN HOSPITAL

                              Defendant.

Case No.

**COMPLAINT AND JURY TRIAL DEMAND**

        Plaintiff JUANITA KHO by and through her undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, alleges and shows the Court the following:

**INTRODUCTION**

        1.      This is an action against Defendants under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, *et seq.* (the "ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* (the "ADEA"), the New York State Human Rights Law ("NYSHRL" or "Executive Law") and the New York City Human Rights Code ("NYCHRL" or "Administrative Code").

        2.      Juanita Kho, (hereinafter "Kho" or "Plaintiff") has been subject to discrimination by New York and Presbyterian Hospital (hereinafter "NYPH") on the basis of her race, national origin, and age.

        3.      Further, Plaintiff is a qualified individual with a disability, and was unlawfully terminated by Defendant because of her disability, and was denied a reasonable accommodation.

4.      As a result of Defendant's willful conduct, Plaintiff is seeking (1) compensatory damages, (2) punitive damages, and (3) attorney's fees and costs.

## ADMINISTRATIVE HISTORY

5.      Prior to filing this lawsuit, Plaintiff filed a charge of employment discrimination with the U.S. Equal Employment Opportunity Commission (E.E.O.C.).  Kho received a Notice of Right to Sue from the EEOC dated April 28, 2016.  (Exhibit A).   Plaintiff has timely commenced this action within 90 days of Plaintiff's receipt of said Notice of Right to Sue.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under  29 U.S.C.  §216(b), 28 U.S.C. § 1331 as this cases arises under federal law, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, and is further authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act, 42 U.S.C.A. § 12117(a).

7.      With respect to all state and city claims ascertained herein, the Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), as the state claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**PLAINTIFF**

9.      Plaintiff Kho is a resident of Queens, New York, and was employed by Defendant NYPH (Cornell Medical Center) as a critical care registered nurse (CCRN) nurse in the intensive care unit (ICU) at Defendant's hospital located at 525 E 68th Street, New York, NY 10065.

**DEFENDANTS**

10.      Defendant, New York and Presbyterian Hospital is a domestic not-for-profit corporation, incorporated in the State of New York with a registered address at 1320 York Avenue, Box 715, New York, New York 10021.  NYPH has had more than 500 employees throughout the relevant time period.

**STATEMENT OF FACTS**

11.      Defendants committed the following alleged acts knowingly, intentionally and willfully.

12.      Plaintiff worked for NYPH, Cornell Medical Center as a night shift Critical Care Registered Nurse in the Intensive Care Unit from September 2006 until August 18, 2014.

13.      Plaintiff's duties as a CCRN include caring for patients with severe medical conditions ranging from cancer to cardiac arrest.  Her responsibilities include, but are not limited to, assessing a patient's condition, planning and implementing patient care plans, lifting and mobilizing patients, ensuring medical equipment functions properly, and administering intravenous fluid and medications.

14.      Throughout Plaintiff's employment, she was recognized by both her colleagues and her superiors as a competent and effective employee.

15.      Plaintiff received positive employee evaluations from NYPH throughout her

employment there.  Further, Ms. Kho received a performance evaluation of "solid" for the six year period between 2007 and 2012.

16.     A "solid" performance evaluation means that the employee: "Consistently meets and may occasionally exceed job requirements.  Consistently accomplishes established goals.  Demonstrates full capability for responsibilities given.  Requires normal level of guidance and direction."

17.     In 2010 Plaintiff was diagnosed with cancer and was required to take six months of medical leave by using her combined sick days and medical leave time.

18.     During this time Plaintiff received a letter from NYPH which threatened to terminate Ms. Kho's employment for taking excessive leave time.

19.     In response Ms. Kho retained an attorney, Elizabeth King, a pro bono attorney at the New York City Bar Association Justice Center and Legal Services of the Hudson Valley, who advocated on Ms. Kho's behalf.

20.     As a result of Ms. King's efforts, Plaintiff was permitted to return to work.

21.     Plaintiff's direct supervisor throughout Ms. Kho's employment at NYPH was John "Chip" Holmes, Patient Care Director.

22.     Prior to Plaintiff's medical leave, Ms. Kho and Mr. Holmes had a generally positive relationship, with Mr. Holmes giving Ms. Kho a number of positive reviews and evaluations.

23.     However, following Plaintiff's return to work Mr. Holmes became openly hostile towards Mr. Kho.

24.     Notably, Mr. Holmes made a number of derogatory comments regarding Ms. Kho's Chinese accent.   For example, Mr. Holmes stated: "You don't know how to speak English," "Nobody understands you" and "You don't know anything."

25.     This is despite Ms. Kho being fluent in English.

26.     Furthermore, Mr. Holmes began to overly scrutinize and criticize Plaintiff's work to a degree that exceeded other employees, or to the period prior to Plaintiff's medical leave.

27.     In April 2014 Plaintiff was provided with a Work Improvement Plan "WIP" to improve her "communication skills."

28.     Plaintiff refused to sign the WIP as she believed she was being targeted on the basis of her race, national origin, disability and age.

29.     Subsequently, around June 2014, Plaintiff verbally reported her discrimination claims to Vanessa Dawkins, the Human Resources/Employee Relations Manager at NYPH. However, Ms. Dawkins never followed up on Ms. Kho's claims, nor did she take any action on her behalf.

30.     On July 3, 2014 and subsequently on July 17, 2014 Plaintiff suffered two injuries in the course of her duties at NYPH which caused severe pain to her lower back.

31.     Ms. Kho reported the incidents to the night shift supervisor and filed claims with the New York State Workers Compensation Board.

32.     Upon evaluations by two doctors, it was determined that Ms. Kho had suffered serious injuries and was significantly disabled.

33.     Following an Independent Orthopedic Medical Evaluation, Ms. Kho was instructed by her doctors that she could not lift more than ten pounds, nor push or pull more than twenty pounds.  Furthermore, Plaintiff was unable to bend, twist, run, or jump.

34.     Despite her being in significant pain, Plaintiff returned to work after only using pre-scheduled vacation time.

35.     When Plaintiff did return to work, she was in severe pain.  However, she did not receive any accommodations.  In fact, she was given the most difficult assignments and patients.

36.     In fact, she was criticized by Mr. Holmes, who complained that she was working too slowly, and needed to "speed things along," in spite of Plaintiff's pain.

37.     On August 18, 2014 about a month after Ms. Kho's work injuries, her employment was terminated by NYPH.  NYPH claimed that the termination was justified by her failure to "provide educational materials" to patient.

38.     Around September 2014 Ms. Kho filed an internal appeal of her termination.  In December 2014 NYPH upheld her termination.

39.     The stated reason for Plaintiff's termination is pre-textual given her extended tenure, history of positive employment reviews, and substantial evidence of discriminatory animus towards Plaintiff.

40.     Furthermore in the year prior to Plaintiff's termination NYPH hired approximately twenty ICU nurses, the great majority of whom were between twenty and thirty years of age and Caucasian.

41.     Most of the newly hired nurses replaced older nurses who like Plaintiff were either terminated or forced to resign.

42.     Upon information and belief Plaintiff was replaced by a younger nurse.

43.     In addition to her discriminatory termination, Plaintiff was overlooked for numerous promotions, despite her seniority, and was openly discouraged from applying to a position as charge nurse as a result of her age and race.

44.     All of the above conduct was committed in contravention to the policies and practices set forth in the Defendant's own EEO rules, procedures and guidelines.

45.     All of the above conduct was committed willfully and maliciously.

## STATEMENT OF CLAIM

### COUNT I
**[Race and National Origin Discrimination in Violation of
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e, *et seq.*]**

46.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47.      The Plaintiff was born in the Philippines and is of Chinese descent, and is thus a member of a "protected class" as defined by Title VII.

48.     The Defendant's conduct as alleged at length herein constitutes discrimination based on her race and national origin in violation of Title VII.

49.     The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

50.     Defendants knew that its actions constituted unlawful discrimination and/or showed reckless disregard for Plaintiff's statutorily protected rights.

### COUNT II
**[Race and National Origin Discrimination in Violation of the
New York State Human Rights Law]**

51.     Plaintiffs repeat and re-allege each and every allegation in all of the preceeding paragraphs as if fully set forth herein.

52.     By  the actions describes above, among others, Defendant discriminated against Plaintiff on the basis of their race, ethnicity and/or national origin in violation of the NYSHRL by denying Plaintiffs the same opportunities for promotion available to non-Chinese employees,

and for terminating Plaintiff's employment as a direct result of her race, ethnicity, and national origin.

53.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

**COUNT III**
**[Race and National Origin Discrimination in Violation of the**
**New York City Human Rights Law]**

54.    Plaintiffs repeat and re-allege each and every allegation in all of the preceeding paragraphs as if fully set forth herein.

55.    By  the actions describes above, among others, Defendant discriminated against Plaintiff on the basis of their race, ethnicity and/or national origin in violation of the NYCHRL by denying Plaintiffs the same opportunities for promotion available to non-Chinese employees, and for terminating Plaintiff's employment as a direct result of her race, ethnicity, and national origin.

56.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

57.    As a direct and proximate result, Plaintiff has suffered and continues to suffer, mental anguish and emotional distress, for which Plaintiff is entitled to an award of damages.

58.    Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

**COUNT IV**
**[Hostile Work Environment Based on Race and National Origin in Violation of**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e,** *et seq.***]**

59.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60.     Pursuant to the unlawful acts and practices of Defendant as alleged above, Plaintiff was subjected to an abusive workplace permeated with harassment and discrimination that was sufficiently severe or pervasive to alter the conditions of her work environment during her employment with Defendant.

61.     Defendant knew or should have known of the unlawful acts and practices as alleged above and the hostile work environment created thereby, yet failed to act promptly to prevent or end the harassment and discrimination.

62.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

63.     Defendant acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

**COUNT V**
**[Hostile Work Environment Based on Race and National Origin in Violation of**
**New York State Human Rights Law.]**

64.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65.     Pursuant to the unlawful acts and practices of Defendant as alleged above, Plaintiff was subjected to an abusive workplace permeated with harassment and discrimination that was sufficiently severe or pervasive to alter the conditions of her work environment during her employment with Defendant.

66.     Defendant knew or should have known of the unlawful acts and practices as alleged above and the hostile work environment created thereby, yet failed to act promptly to prevent or end the harassment and discrimination.

67.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

68.     Defendant acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## COUNT VI
**[Hostile Work Environment Based on Race and National Origin in Violation of New York City Human Rights Law.]**

69.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70.     Pursuant to the unlawful acts and practices of Defendant as alleged above, Plaintiff was subjected to an abusive workplace permeated with harassment and discrimination that was sufficiently severe or pervasive to alter the conditions of her work environment during her employment with Defendant.

71.     Defendant knew or should have known of the unlawful acts and practices as alleged above and the hostile work environment created thereby, yet failed to act promptly to prevent or end the harassment and discrimination.

72.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

73.     Defendant acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

### COUNT VII
### [Age Discrimination in Violation of the
### Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*]

74.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75.     Plaintiff is older than forty years old, and is thus a member of a "protected class" as defined by the ADEA.

76.     The Defendant's conduct as alleged above constitutes discrimination based on Plaintiff's age in violation of the ADEA.

77.     The stated reasons for the Defendant's conduct were not the true reasons, but were pretext to hide the Defendant's discriminatory animus.

78.     Defendants knew that its actions constituted unlawful discrimination and/or showed reckless disregard for Plaintiff's statutorily protected rights.

## COUNT VIII
### [Disability Discrimination and Failure to Accommodate in Violation of the Americans with Disabilities Act 1990, 42 U.S.C. §§ 12111, *et seq.,* and the Rehabilitation Act of 1973]

79.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

80.     Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act.

81.     By the acts and practices described above, the Defendant has discriminated against the Plaintiff based on her disability in violation of the ADA.

82.     By the acts and said practices alleged above, Defendant has violated their independent duty to institute and engage in an interactive process with the Plaintiff in an attempt to find a reasonable accommodation for her.  Further, Defendant failed to provide Plaintiff with a reasonable accommodation.

83.     Defendants knew that its actions constituted unlawful discrimination and/or showed reckless disregard for Plaintiff's statutorily protected rights.

## COUNT IX
### [Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e3(a)]

84.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

85.     Pursuant to the acts and practices of Defendant as alleged above, Plaintiff made several complaints to her supervisors and to human resources of the discrimination based on her race and national origin, and thus was engaging in a protected activity pursuant to Title VII.

86.     Defendant knew or should have known of the unlawful acts and practices as

alleged above and of Plaintiff's complaints regarding the same, yet failed to act promptly to prevent or end the harassment and discrimination.

87.     Instead of taking steps to ensure a discrimination-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against Plaintiff by failed to promptly implement corrective measures and/or failing to offer an appropriate resolution to the discrimination that she suffered and the hostile work environment that was created thereby.  Defendants, then, terminated plaintiff's employment in retaliation for her protected complaints.

88.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

89.     Defendant acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

### COUNT X
### [Retaliation in Violation of
### The New York State Human Rights Law]

90.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

91.     Pursuant to the acts and practices of Defendant as alleged above, Plaintiff made several complaints to her supervisors and to human resources of the discrimination based on her race and national origin, and thus was engaging in a protected activity pursuant to the NYSHRL.

92.     Defendant knew or should have known of the unlawful acts and practices as alleged above and of Plaintiff's complaints regarding the same, yet failed to act promptly to prevent or end the harassment and discrimination.

93.     Instead of taking steps to ensure a discrimination-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against Plaintiff by failed to promptly implement corrective measures and/or failing to offer an appropriate resolution to the discrimination that she suffered and the hostile work environment that was created thereby.  Defendants, then, terminated plaintiff's employment in retaliation for her protected complaints.

94.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

95.     Defendant acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

**COUNT XI**
**[Retaliation in Violation of**
**The New York City Human Rights Law]**

96.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.     Pursuant to the acts and practices of Defendant as alleged above, Plaintiff made several complaints to her supervisors and to human resources of the discrimination based on her

race and national origin, and thus was engaging in a protected activity pursuant to the NYCHRL.

98.     Defendant knew or should have known of the unlawful acts and practices as alleged above and of Plaintiff's complaints regarding the same, yet failed to act promptly to prevent or end the harassment and discrimination.

99.     Instead of taking steps to ensure a discrimination-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against Plaintiff by failed to promptly implement corrective measures and/or failing to offer an appropriate resolution to the discrimination that she suffered and the hostile work environment that was created thereby.  Defendants, then, terminated plaintiff's employment in retaliation for her protected complaints.

100.     As a proximate result of Defendant's unlawful acts and practices as alleged above, Plaintiff has suffered and continues to suffer substantial losses, including loss of past and future earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, severe and lasting embarrassment, emotional distress, humiliation and loss of reputation.

101.     Defendant acted with malice and/or with reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## **Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of herself, and the FLSA collective Plaintiffs, respectfully request that this court enter a judgment providing the following relief:

a)     A declaratory judgment that the actions, conduct and practices of Defendant

complained of herein violate the laws of the United States, State of New York and the City of New York;

b)       An injunction and order permanently restraining Defendant and its partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

c)     An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, and other benefits of employment.;

d)       An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but limited to, compensation for Plaintiff's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress.;

e)     An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, lost income, reputational harm, and harm to professional reputation, in an amount to determined at trial;

f)     An award of punitive damages in an amount to be determined at trial;

g)     Prejudgment interest on all amounts due;

h)     An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiffs' reasonable attorneys' fees and costs to the fullest extent permitted by law; and

i)     Such other and further relief as the Court may deem just and proper;

## **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff demands a

trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
July 22, 2016

HANG & ASSOCIATES, PLLC.

*/S/ WILLIAM BROWN*
William M. Brown, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
wbrown@hanglaw.com
*Attorneys for Plaintiff*

# EXHIBIT 1

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Ms. Juanita Kho<br>109-10 Queen Boulevard, Apt. 7f<br>Flushing, NY 11375 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-02587 | D. Young,<br>Investigator | (212) 336-3758 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

APR 2 8 2016
(Date Mailed)

Enclosures(s)

cc: Attn.: Patricia London Wager
Associate General Counsel
NEW YORK PRESBYTERIAN HOSPITAL
525 East 68th Street, Box 88
New York, NY 10065

Attn.: Sumani Lanka
The Legal Aid Society
199 Water Street
New York, NY 10038